# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1619

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska |
| | * | |
| Chad Salcedo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 21, 2008
Filed: May 27, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Chad Salcedo appeals the prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846; and using, carrying, and possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The court sentenced Salcedo to consecutive prison terms of 87 months on the drug offense and 60 months on the firearm offense, for a total of 147 months. His counsel has moved to withdraw

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Salcedo's sentence is unreasonable.

We conclude that Salcedo's sentence is not unreasonable. Nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors when it imposed a within-Guidelines-range sentence for Salcedo's drug offense. <u>See</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness); <u>United States v. Haack</u>, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness factors). Further, the consecutive 60-month sentence was the statutory minimum for Salcedo's firearm offense. <u>See</u> 18 U.S.C. § 924(c)(1)(A), (D); <u>United States v. Gregg</u>, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting argument that district court has discretion to determine whether ultimate sentence is reasonable and to impose non-Guidelines sentence even when portion of sentence is result of mandatory minimum sentence; <u>United States v. Booker</u>, 543 U.S. 220 (2005), "does not relate to statutorily-imposed sentences").

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the district court's judgment.

_____